# CIRCUIT COURT OF THE CITY OF DANVILLE

Commonwealth of Virginia

v.

Alan Eugene Webb

September 19, 2001

Misdemeanor Appeal No. 01-954

BY JUDGE JOSEPH W. MILAM, JR.

This DUI[1] case was tried by the Court, without a jury, on September 6, 2001. Prior to trial, defendant Alan Eugene Webb, by counsel, filed a motion to suppress the Commonwealth's evidence asserting that the arresting police officer lacked sufficient reasonable, articulable suspicion to justify an investigatory stop of defendant's vehicle. This Court took defendant's motion under advisement and then proceeded to hear the balance of the case. After allowing counsel seven days in which to submit additional authorities, on September 13, 2001, the Court announced its decision overruling defendant's suppression motion, finding the defendant guilty of the offense charged in the warrant and imposing punishment. An order incorporating the Court's ruling announced on September 13, 2001, has not been entered. Therefore, the matter remains within the jurisdiction of this Court. Rule 1:1 of the Rules of the Supreme Court of Virginia.

The Court's ruling was predicated upon factual findings which place this case somewhere between *Neal v. Commonwealth*, 27 Va. App. 233 (1998), and *King v. Commonwealth*, 95 Vap. Unp. 1219934 (Va. App. 1995). In *Neal*, the Court of Appeals upheld the constitutionality of an investigatory stop by an experienced officer who suspected intoxication after observing repeated

---

[1] Alan Eugene Webb appealed his conviction by the General District Court of the City of Danville of driving a motor vehicle while intoxicated in violation of § 18.2-266 of the Code of Virginia, as amended.

weaving within a single lane. *Neal, id.*, at 235-36. In *King*, the Court of Appeals struck down a conviction where the investigatory stop was initiated based upon a driver's stop at a yield sign followed by a momentary drift across a lane divider.

In the present case, the erratic driving relied upon by the arresting officer to justify the investigatory stop of defendant involved weaving within a single lane. Specifically, the vehicle's left wheels touched, but did not cross the middle lane divider of a divided highway. The vehicle's right wheels then touched or ran along, but did not cross, the outside line marking the outside of the lane. Then, the vehicle drifted back to the left such that the left wheels again touched the middle lane divider. Defendant testified that the arresting officer followed his vehicle for as far as 1.5 miles before initiating a stop. However, the arresting officer testified that the weave described above occurred over a distance of about 0.3 to 0.5 mile. Although no testimony was elicited concerning the arresting officer's training and experience specifically dealing with and/or recognizing impaired or intoxicated drivers, the arresting officer was an experienced patrolman.

After further consideration of the facts and law, this Court has determined that defendant's motion to suppress should have been granted. The Court's reconsidered ruling is based upon a determination that defendant's vehicle was not observed to be making erratic movements of the type observed by the arresting officer in *Neal*. 27 Va. App. at 235-36 ("numerous times, would weave to the center of the highway, then back to the right, just constantly moving from side to side in its lane.") Here, the defendant's vehicle moved one complete cycle, whereby its wheels touched, but did not cross, the left lane divider, followed by a move to the right, then back to the left. Defendant's movements appear to be more in the nature of an isolated instance of mild weaving as opposed to constant weaving. *Id.*

Having determined that the evidence obtained by the arresting officer following the investigatory stop must be suppressed, the defendant must be acquitted of the charge at issue.